Oct. 1831.

Clutch
v.
Clutch.

ACHSAH CLUTCH v. JAMES CLUTCH.

In divorce cases the court takes the confessions of parties with very great caution, and they are never held sufficient without strong corroborative circumstances.

A voluntary affidavit taken before a magistrate is inadmissible as evidence.

A charge in the petition, that the defendant since his marriage hath committed adultery, without setting forth time, place, or circumstances, is too general.

Upon evidence of extreme cruelty, though not a case of the most aggravated character, a separation decreed for the term of three years; and the child, being of tender years, committed to the custody of the mother.

Query. Whether a charge for adultery, and a charge for extreme cruelty, ought to be joined in the petition.

THIS was on petition for a divorce *a vinculo matrimonii*, on the ground of adultery, and for a divorce from bed and board, on the ground of extreme cruelty.

*H. W. Green*, for petitioner.

THE CHANCELLOR. As it regards the charge of adultery, the case is not satisfactorily made out. One witness states, that while the defendant lived in the house of his father-in-law, Wilkinson, he told witness that he, the defendant, had the venereal disease ; that he had contracted it in New-York, and that Dr. Hamilton was attending him. This is the only direct evidence of the fact that has been presented. The evidence, of itself, is insufficient. In cases of this kind, the court takes the confessions of parties with very great caution, and they are never held sufficient without strong corroborating circumstances. In this case there are no such circumstances. The testimony of Phineas S. Bunting is relied on as corroborating the confession of Clutch. He states, that pending an application to the legislature for a divorce between these parties, Dr. Hamilton was examined as a witness before him as a justice of the peace ; and that upon the examination, Dr. H. deposed, that Clutch had made application to him for medical advice, and he ascertained that Clutch had the vene-

real disease. Clutch told him he had contracted it in Philadelphia. The affidavit of Dr. Hamilton, as taken before the magistrate, is also produced. This testimony is clearly inadmissible. The affidavit itself is taken without any kind of authority, and is purely voluntary. The whole of it amounts to nothing more than hearsay evidence, and is entitled to no weight in the search after truth.

I would add, also, that the charge of the fact in the petition is too general. It simply states that the defendant hath, since his marriage, committed adultery; without setting forth the time, place, or any of the circumstances. It would be difficult for a defendant to meet so indefinite a charge.

The prayer of the petitioner, so far as it seeks a divorce *a vinculo matrimonii*, is refused.

Upon the other charge, there is testimony to show that the complainant has been treated with very great impropriety on the part of her husband. He is proved to be an intemperate man, and grossly abusive. In one instance he turned his wife and children out of doors, and compelled her to take refuge in her father's house. In another, he is represented as having taken her up forcibly and turned her out of doors, and then shutting the door against her. She has exhibited marks and bruises upon her person, which she represented to be the effect of his violence. He has frequently refused to provide for his family the common necessaries of life, and left them destitute; and several witnesses concur in the opinion, that it would be unsafe for her to live with him. Under these circumstances, I feel inclined to grant the application for a separation from bed and board, although the case is certainly not one of the most aggravated character; and in the hope that some reformation may be brought about and the parties become reconciled, I shall decree a separation for the term of three years; and in the mean time the child, who is of tender years, is to be committed to the custody of the mother.

I do not wish to be understood as expressing any opinion on the propriety of joining in one petition a charge for adultery and a charge for extreme cruelty, the legal consequences of which are so totally different. I incline to think it should not be done. But as the defendant has not appeared to contest the suit, or meet

either of the charges; and as this is a case on petition under a late statute, by which the complainant has a right to amend her petition in matters of substance as well as form, and as she comes into court *in forma pauperis,* I have thought proper to pass by the question, if it be one, and place myself upon the merits.

Decree accordingly.